UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANTONIO MCCLAIN,

Plaintiff(s),

v.

KENDRA SCOTT,

Defendant(s).

CASE NO. C25-2344-KKE

ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE AND WITH LEAVE TO AMEND

Plaintiff Antonio McClain, representing himself, filed this action and applied to proceed *in forma pauperis* ("IFP"). Dkt. No. 1. United States Magistrate Judge Michelle L. Peterson granted Plaintiff's IFP application but recommended that the Court review his complaint under 28 U.S.C. § 1915(e)(2)(B) before summons are issued. Dkt. No. 13.

A complaint filed by any person seeking to proceed IFP under 28 U.S.C. § 1915(a) is subject to *sua sponte* review and dismissal by the Court "at any time" to the extent the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Dismissal is proper when there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Federal Rule of Civil

ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE AND WITH LEAVE TO AMEND - 1

Procedure 8(a) requires that a pleading contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Although Rule 8 "does not require 'detailed factual allegations,' [] it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

McClain's complaint invokes 42 U.S.C. § 1983, which permits a plaintiff to sue if he can show he has suffered a violation of rights protected by the Constitution or created by federal statute and that the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). McClain seeks $100,000 in "actual and punitive" damages against an individual named Kendra Scott. Dkt. No. 14 at 7. To sue a state officer for money damages, a plaintiff must plead facts sufficient to overcome what is known as "qualified immunity," which protects government officials "from liability for civil damages insofar as their conduct does not violate *clearly established* statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

As recommended by Judge Peterson, the Court has reviewed McClain's complaint (Dkt. No. 14) and finds that it fails to state a claim upon which relief may be granted. First, McClain's complaint does not identify who Kendra Scott is, her position at any state agency, or any facts to establish that Scott acted under color of state law, as required to state a § 1983 claim. Second, McClain fails to plead sufficient facts to support a plausible inference that Scott violated McClain's clearly established rights under federal law. Parts of McClain's handwritten pleading are illegible; however, the thrust of his complaint, as it can be discerned, is that Scott "lied to [Department of Corrections] officials saying [McClain] had a head injury" and that Scott "illegally

ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE AND WITH LEAVE TO AMEND - 2

sen[t] [McClain] to COA Walla Walla[.]"  Dkt. No. 14 at 7; *see also* Dkt. No. 14-1 at 1 (alleging "Kendra Scott illegally sent me to [illegible] lieing [sic] to everyone saying I had a head injury before she illegally sent me to COA Walla Walla.").  The complaint does not make clear what "COA Walla Walla" is.  Nor does it explain what circumstances made it "illegal[]" for McClain to be sent there, to whom Scott allegedly lied about McClain's head injury, or what circumstances made this a violation of McClain's clearly established rights.

The Court therefore declines to issue summons at this time.  But the Court GRANTS Plaintiff leave to file an amended complaint.  If he does so, he must articulate, and present in a legible format, both the legal and factual bases supporting his claims.  The amended complaint will act as a complete substitute for the original complaint.  If Plaintiff fails to file an amended complaint and/or fails to adequately address the issues identified in this order, the Court may dismiss this action.

Plaintiff shall file his amended complaint, if any, no later than July 2, 2026.

The Clerk is directed to send uncertified copies of this Order to Plaintiff with a copy of the Pro Se Guide to Filing Your Lawsuit in Federal Court at said party's last known address.

Dated this 2nd day of June, 2026.

*Kymberly K Evanson*

Kymberly K. Evanson
United States District Judge

ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE AND WITH LEAVE TO AMEND - 3